**UNITED STATES of America, Appellee,**

v.

**James McGOWAN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Robert DRAACK, Appellant.**

**Nos. 91–2955, 91–3184.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided March 2, 1992.

Publication Ordered March 30, 1992.

Thomas R. Lamb, Lincoln, Neb., for appellant McGowan.

Brian R. Watkins, Lincoln, Neb., for appellant Draack.

Ronald D. Lahners, Omaha, Neb., for appellee.

Before ARNOLD, Chief Judge, MAGILL, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

James McGowan and Robert Draack appeal their eight-month sentence for failing to surrender for service of sentence. Both appellants argue that the district court should have departed downward from the Guidelines sentencing range and that the sentence violates double jeopardy. We affirm.

I.

McGowan and Draack were convicted of conspiracy to commit wire fraud. On December 3, 1990, the district court sentenced them to the pre-Guidelines statutory maximum of five years and the Parole Commission set a probable release date. Both McGowan and Draack subsequently failed to surrender for service of this sentence at the designated time. When the Parole Commission learned this, they delayed the probable release date of both appellants for ten months. The new probable release date was still within the five-year sentence.

Additionally, appellants were indicted for failing to surrender for service of sentence in violation of 18 U.S.C. § 3146 (1988). They both pled guilty to this charge in exchange for a two-point reduction in their offense level for acceptance of responsibility. Given their criminal history category, this resulted in a Guidelines sentencing range of eight to fourteen months for both appellants. On August 7, 1991, the district court sentenced them for eight months to be served consecutive to the previous five-year sentence for wire fraud conspiracy. The district court chose the low end of the sentencing range because the same conduct had resulted in ten months being added to appellants' probable release from their prior sentence.

Both McGowan and Draack now appeal their eight-month sentence. They make two arguments: (1) the district court should have departed downward from the Guidelines sentencing range; and (2) because the ten-month delay in their probable release date already punished them for failing to surrender, the eight-month sentence violates double jeopardy. Both arguments are without merit.

II.

■ Appellants first argue that the district court should have departed downward from the Guidelines sentencing range because their eight-month sentence plus the ten-month delay in their probable release date equals eighteen months, and eighteen months exceeds the fourteen-month maximum sentence under the Guidelines. Clearly, the eight-month sentence did not

---

* THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

violate the law. The district court properly applied the Sentencing Guidelines to reach the sentencing range of eight to fourteen months. The eight-month sentence fell within this range. There is no case law or Sentencing Guidelines provision that requires a court to depart downward because conduct that resulted in a criminal conviction also resulted in a delay in the defendant's probable release date from a prison sentence for a prior, unrelated conviction. Additionally, this court does not have authority to review the district court's exercise of its discretion in refusing to depart downward from the applicable Guidelines range. *United States v. Evidente*, 894 F.2d 1000, 1003–04 (8th Cir.), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

 Appellants also argue that because the ten-month delay in their probable release date has already punished them for failing to surrender, the eight-month sentence violates the Sixth Amendment's prohibition against double jeopardy. This argument is without merit. The double jeopardy clause protects a defendant from multiple criminal prosecution and punishment for the same offense. *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975); *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938). A decision to delay a defendant's probable release date, however, is an administrative decision and not a criminal prosecution. *See Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir.) (the double jeopardy clause does not apply to vacation of a presumptive parole release date), *cert. denied*, 479 U.S. 830, 107 S.Ct. 115, 93 L.Ed.2d 62 (1986); *see also United States v. Hanahan*, 798 F.2d 187, 189–90 (7th Cir.1986) (the government can criminally prosecute a person for the same conduct that had previously served as the basis for parole revocation). Thus, the ten-month delay in appellants' probable release date is not criminal punishment for the failure to surrender. Rather, any additional time appellants actually serve [1] within

their five-year sentence is criminal punishment for their wire fraud conspiracy conviction. *Cf. United States ex rel. McClure v. Patton*, 624 F.Supp. 56, 61 (E.D.Pa.1985). There is no double jeopardy.

### III.

In conclusion, we affirm appellants' eight-month sentence for failing to surrender for service of sentence.

---

1. We cannot predict whether appellants will actually have to serve the additional ten months. The Parole Commission had adjusted only ap- pellants' probable release date, not their actual release date.