**Sam Richard KELL, Petitioner–Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent–Appellee.**

**No. 93–6349.**

United States Court of Appeals, Tenth Circuit.

June 16, 1994.

offender until the offender has served the minimum term for the offense.

Sam Richard Kell, pro se.

Vicki Miles–LaGrange, U.S. Atty., and Robert A. Bradford, Asst. U.S. Atty., Oklahoma City, OK, for respondent-appellee.

Before LOGAN, SETH, and BARRETT, Circuit Judges.

LOGAN, Circuit Judge.

Petitioner Sam Richard Kell appeals from the denial of his pro se habeas corpus petition, filed pursuant to 28 U.S.C. § 2241. His petition contained ten specific challenges to the United States Parole Commission (Commission) decision to revoke his parole and reincarcerate him for a period longer than indicated by the applicable guideline range. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

The facts have been fully set forth by the magistrate judge, whose findings and recommendations the district court adopted. We restate only those facts relevant to our analysis. Petitioner was convicted in 1978 of armed bank robbery and kidnapping and was sentenced to forty years imprisonment. He was released on parole in July 1990 and arrested on a parole violator warrant in March 1992. The warrant charged that petitioner had violated the conditions of his parole by (1) using dangerous habit forming drugs, (2) refusing to participate in a residential drug treatment program, which was a special condition of his parole, and (3) failing to report to his parole officer. Petitioner denied all charged violations, both at the preliminary interview and the revocation hearing.

The hearing panel recommended reincarceration for thirty months, well above the twelve to sixteen-month range indicated by the parole guidelines. *See* 28 C.F.R. § 2.20, Guidelines for Decisionmaking. Justifying its recommendation, the panel stated:

> First, it is believed that [Kell] is a poorer risk than indicated by the [salient factor score], and that he has a history of drug

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

abuse expanding more than 25 years and this is directly related to a serious criminal record which includes two robbery convictions, and of course the original offense of armed bank robbery and kidnapping. The original offense involved a shot fired at a civilian. In addition, he incurred serious misconduct reports during his last period of confinement for drug use and introduction of drugs into the institution. He has been unwilling or unable to refrain from using drugs in prison and now in the community.

The aggravating feature in this case is at the time of his arrest, he attempted to avoid arrest by engaging in a high speed chase, during which he put school children at jeopardy due to this incident.

R. 6, ex. N at 4. The Commission adopted the hearing panel's recommendation and reasoning. Petitioner appealed the Commission's decision, and the National Appeals Board affirmed.

 Petitioner then filed this habeas petition, advancing a number of contentions. The district court found no merit in any of the allegations and denied the petition. We review de novo the district court's decision to deny habeas relief. *Sinclair v. Henman*, 986 F.2d 407, 408 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 129, 125 L.Ed.2d 83 (1993). Judicial review of the Commission's decision to exceed the parole guidelines in setting an inmate's release date is limited. *Sotelo v. Hadden*, 721 F.2d 700, 702 (10th Cir.1983). We determine whether there is a rational basis in the record to support the Commission's decision. *Montoya v. United States Parole Comm'n*, 908 F.2d 635, 637 (10th Cir.1990). We will not disturb that decision "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." *Sotelo*, 721 F.2d at 702. "Further, an administrative agency's interpretation and application of its own regulations should be given some deference by the courts." *Id.*

We have reviewed the briefs and the record and agree with the analysis of the magistrate judge, whose report was adopted by the district court, as to four of the issues. We therefore affirm the dismissal of petitioner's claims that (1) he did not receive a fair and impartial revocation hearing, (2) his attorney failed to provide effective assistance at the revocation hearing, (3) his due process rights were violated when the Commission failed to provide a list of every substance that would cause a false positive on its urine tests, and (4) his due process rights were violated when the Commission failed to comply with his Freedom of Information Act request for documents. Petitioner's remaining assertions are (1) denial of due process because he was not permitted to confront his parole officer, (2) "double-counting" his criminal history and drug use to support extending his reincarceration, (3) multiple punishments for the same crime, (4) lack of notice that the circumstances of his rearrest would be a factor in the Commission's decision, (5) use of unsubstantiated accounts of that rearrest incident, and (6) lack of notice that petitioner's previous institutional incident reports would also be considered by the Commission. We consider these issues in order.

I

 First, we address petitioner's due process claim that he was not allowed to confront his parole officer at his revocation hearing. In the context of parole revocation, due process includes affording the parolee "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). The record shows that petitioner was informed of this right, yet he chose not to request the presence of adverse witnesses when given the opportunity. Petitioner concedes as much, but explains that he was told he would have another opportunity to request adverse witnesses. Petitioner, however, does not claim that he later made such a request. The Commission, nevertheless, informed him that his parole officer would attend the revocation hearing as an adverse witness, then failed to present that officer at the hearing.

In light of documented notice to petitioner of his confrontation rights and his undisputed failure to request the presence of adverse

witnesses, we cannot conclude that due process required the probation officer to testify as an adverse witness. *Cf. Gholston v. Jones,* 848 F.2d 1156, 1161 (11th Cir.1988) (finding due process violated where parolee did not request presence of adverse witness, but record lacked evidence that parolee had been advised of right to confront adverse witnesses). Furthermore, even if petitioner justifiably withheld his request in reliance on the Commission's notice that the parole officer would appear as an adverse witness, we must still conclude that the parole officer's failure to testify was not a due process violation. Petitioner's right to confront adverse witnesses is not absolute. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782 n. 5, 93 S.Ct. 1756, 1759–60 n. 5, 36 L.Ed.2d 656 (1973) ("While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence."). We agree with the district court that the parole officer's reports contain sufficient indicia of reliability to be appropriate substitutes for live testimony. *See Prellwitz v. Berg,* 578 F.2d 190, 192–93 (7th Cir.1978).

## II

■ We next address petitioner's claim that the Commission improperly "double-counted" his criminal history and drug use when it used those factors to calculate the severity of his offense under the guidelines, and also relied on them as a basis for exceeding guidelines. Double-counting occurs when the Commission justifies a decision beyond the guidelines by relying on the factors for calculating offense severity under the guidelines. *See Castaldo v. United States Parole Comm'n,* 725 F.2d 94, 96 (10th Cir.1984). The Commission, applying the guidelines for parole consideration, factored petitioner's criminal history and past drug use into his salient factor score. It then used his drug abuse history and criminal record as two of the aggravating factors warranting reincarceration for a period longer than recommended by the guidelines. We believe, however, that the Commission was not simply noting the fact of petitioner's prior criminal and drug abuse records. It noted the pattern of petitioner's behavior: his twenty-five year history of drug abuse was directly related to his serious criminal record, and he continued to use drugs during his incarceration and while free on parole. Clearly, the Commission's overriding concern was, as the district court noted, petitioner's unaltered pattern of drug abuse. We hold that the Commission did not impermissibly engage in double counting. *Castaldo,* 725 F.2d at 96.

## III

Petitioner asserts that the Commission should not have relied on his criminal history, past drug use, or institutional incident reports to exceed the guidelines for reincarceration because it had already relied on those factors to enhance his guideline range during his initial incarceration. Petitioner, thus, appears to complain of multiple punishments for the same behavior.

■ We have noted that double jeopardy would not bar a parole revocation hearing based on violations previously considered in a substantially identical hearing. *Turner v. United States Parole Comm'n,* 934 F.2d 254, 260 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 239, 116 L.Ed.2d 195 (1991). Parole determinations are not viewed as criminal punishment subject to the Double Jeopardy Clause. *United States v. McGowan,* 960 F.2d 716, 718 (8th Cir.1992); *United States v. Whitney,* 649 F.2d 296, 298 (5th Cir.1981); *see also Mahn v. Gunter,* 978 F.2d 599, 602 n. 7 (10th Cir.1992) (rejecting double jeopardy argument on grounds that parole determination which did not lengthen original sentence did not result in criminal punishment). We hold that the Double Jeopardy Clause does not bar the Commission from relying on evidence to exceed the guidelines that the Commission had previously relied on as a basis for enhancing petitioner's guideline range during his initial period of incarceration. *See Cortinas v. United States Parole Comm'n,* 938 F.2d 43, 46 (5th Cir.1991) (suggesting double jeopardy not violated when Commission relies on same conduct to effect two different changes in parole status).

## IV

Petitioner also complains of lack of notice that the Commission would consider the circumstances of his arrest as a basis to exceed the guidelines. This claim lacks a factual basis. Petitioner acknowledges receiving a written summary of his preliminary interview, which mentioned the circumstances of his arrest but did not specify whether the arrest would be considered an aggravating circumstance. Nevertheless, at the revocation hearing, he was prepared to rebut the Commission's allegation that he resisted arrest. He claimed that he fled through the school zone because the Marshal pulled a gun without identifying himself, that no children were in the area, and that he never travelled faster than sixty miles per hour. Additionally, petitioner presented photographs of the scene of the incident and affidavits from students. In short, the record shows that petitioner was on notice that the Commission would consider the circumstances of his arrest.

## V

Petitioner next asserts that the Commission relied upon unsubstantiated accounts of the arrest. The record shows that the hearing panel relied on hearsay evidence of the arrest because it lacked a copy of the arrest report. Petitioner argues that the Commission's failure to obtain and disclose the arrest report violated his right to due process. We disagree.

"[T]he Parole Commission may consider hearsay evidence." *Maddox v. United States Parole Comm'n,* 821 F.2d 997, 1001 (5th Cir.1987); *see also Robinson v. Hadden,* 723 F.2d 59, 62 (10th Cir.1983) (holding that Commission may consider presentence report containing hearsay), *cert. denied,* 466

U.S. 906, 104 S.Ct. 1684, 80 L.Ed.2d 159 (1984). Here petitioner had an opportunity to respond to the hearsay evidence at the revocation hearing, he received the Commission's written statement of its reasons for going beyond the guidelines, and he challenged the Commission's account of the arrest on appeal. Due process requires nothing more. *See Maddox,* 821 F.2d at 1001 ("The Commission satisfied the statutory and due process requirements concerning decisions outside the guidelines; it specified the reasons underlying its determination and afforded [petitioner] an opportunity to appeal."). Petitioner's admission that he fled through the school zone at high speed provides a rational basis to support the Commission's decision to exceed the guidelines.

## VI

Finally, petitioner claims that he had no notice the Commission would consider his institutional incident reports as reasons to exceed the guidelines. This issue was raised below.[2] Advance notice, he argues,[3] is required by § 4208(b) of the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201–4218,[4] the parole regulations, 28 C.F.R. § 2.50(d), and due process.

Some circuits have held that the Commission may not rely on information undisclosed to the prisoner to compute the offense severity under the guidelines or as a basis for exceeding the guidelines. *United States ex rel. Schiano v. Luther,* 954 F.2d 910, 915 (3d Cir.1992); *Pulver v. Brennan,* 912 F.2d 894, 896–97 (7th Cir.1990); *Anderson v. United States Parole Comm'n,* 793 F.2d 1136, 1137–38 (9th Cir.1986); *see also Liberatore v. Story,* 854 F.2d 830, 838 (6th Cir.1988) (remanding to determine whether late received documents had been disclosed). Those cases,

---

2. Petitioner also claims on appeal that he had no notice the Commission would consider his past criminal behavior and his original offense. Appellant's Br. at 3; *see also id.* at 13 (arguing that the Commission failed to notify him of *all* the information it would consider). Petitioner failed, however, to raise these claims to the district court and we will not consider them on appeal. *Farmers Ins. Co. v. Hubbard,* 869 F.2d 565, 570 (10th Cir.1989).

3. Petitioner states the bulk of his argument for advance notice in connection with the circumstances of his arrest, the claim dealt with previously.

4. Although the Parole Commission and Reorganization Act has been repealed, it continues in effect as to petitioner's offense. *Miller v. Federal Bureau of Prisons,* 989 F.2d 420, 423 n. 3 (10th Cir.1993).

however, rely on the Commission's obligation, imposed by statute and regulation, to disclose evidence against a prisoner in advance of a *parole determination proceeding.* *See* 18 U.S.C. § 4208(b) ("At least thirty days prior to any parole determination proceeding, the prisoner shall be provided with ... reasonable access to a report or other document to be used by the Commission in making its determination"); 28 C.F.R. § 2.11(e) (requiring sixty days advance notice of a prisoner's right to request any documents or reports to be used in connection with the parole determination); *see also* 28 C.F.R. § 2.55(a) (stating that for initial and subsequent parole hearings, Commission must provide sixty days advance notice of prisoner's right to request disclosure of documents).

■■■ The statute and regulations governing *parole revocation proceedings,* in contrast, lack provisions requiring the Commission to provide *advance* access to all evidence that may be used against a parolee. *Compare* 18 U.S.C. § 4214(a)(2)(D) (requiring parole revocation hearing procedure of affording the parolee an opportunity "to be apprised of the evidence against him") *and* 28 C.F.R. § 2.50(d) (requiring disclosure "at or before the revocation hearing" of "[a]ll evidence upon which the finding of violation may be based") *with* 18 U.S.C. § 4208(b) (requiring thirty days advance notice) *and* 28 C.F.R. § 2.55(a) (requiring sixty days advance notice).

■■■ The regulations specifically address disclosure of information that the Commission may regard as an aggravating circumstance. In a provision applicable to both "parole and reparole determinations," the regulations require that the prisoner be "apprised of the information and afforded an opportunity to respond." 28 C.F.R. § 2.19(c). Those requirements have been satisfied here. The Commission apprised petitioner that his institutional incident reports were an aggravating circumstance warranting a decision outside the guidelines, and afforded him an opportunity to respond through pursuing administrative review. *Cf.* *Patterson v. Gunnell,* 753 F.2d 253, 255–56 (2d Cir.1985) (holding 2.19(c) not satisfied because petitioner had no opportunity to respond when National Appeals Board relied on aggravating circumstance of which petitioner had not been informed).

■■■ Finding no violation of the statute or regulations, we now consider whether due process requires procedures beyond those already afforded to petitioner. In the parole revocation context, due process requires "disclosure to the parolee of evidence against him." *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604. To determine specifically whether due process requires the Commission to notify a parolee in advance of a revocation hearing of the evidence it may deem an aggravating circumstance warranting a decision beyond the guidelines, we apply the three-part inquiry from *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). We consider

[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335, 96 S.Ct. at 903.

A parolee certainly has a substantial interest in avoiding unjustified departure from the parole guidelines. In this case, petitioner must spend more than twice the time back in prison than he would have spent under the guidelines. The government, on the other hand, has a substantial interest in avoiding undue delay of the revocation hearing. Advance notice would seem to entail an extensive pre-revocation hearing review of a parolee's file to identify all information the Commission might treat as an aggravating circumstance and, then, further delay for disclosure of that information. We recognize there is some risk that the Commission could rely on inaccurate information as a basis for exceeding the guidelines. That risk is minimized, however, by the parolee's opportunity to respond through administrative appeal.

In our view, advance disclosure of information that may be treated as an aggravating circumstance would be of limited value. Although the majority did not reach the issue, Justice Souter discussed whether due process required advance notice of an upward departure from the Sentencing Guidelines in *Burns v. United States,* 501 U.S. 129, 150–52, 111 S.Ct. 2182, 2194, 115 L.Ed.2d 123 (1991) (Souter, J., dissenting). He declared that an aggravating circumstance is generally not subject to evidentiary proof; rather, aggravating circumstances are generally drawn from "documented administrative history and commentary that will be available to any defendant at the appellate stage." *Id.* The comment seems relevant to the issue before us. Although predeparture notice may give a parolee more time to refine legal arguments, it would, likely, not reduce the risk of imposing an erroneous sentence. *See id.* at 154–56, 111 S.Ct. at 2196. We hold that in the context of parole revocation, due process does not require advance disclosure of all the information the Commission might consider as a basis for exceeding the guidelines.

AFFIRMED.