74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael J. CONLON, Petitioner-Appellant,
v.
Warden WOOTEN, Respondent-Appellee.
 No. 95-1205.
 United States Court of Appeals, Tenth Circuit.
 Nov. 13, 1995.
 
 D.Colorado, D.C. No. 94-K-2124.
 D.Colo.
 AFFIRMED.
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Conlon, a federal inmate, appeals the judgment of the district court which denied him habeas corpus relief.
 
 
 3
 Mr. Conlon was originally convicted of a federal drug charge and was twice paroled. Mr. Conlon challenges the district court's affirmance of the parole revocation hearing which resulted in his parole being revoked. We attach hereto a copy of the Recommendation of the magistrate judge.
 
 
 4
 Mr. Conlon's attorney phrases the issues as follows:
 
 
 5
 THE U.S. DISTRICT COURT JUDGE ERRED IN ADOPTING THE RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE WHERE THAT RECOMMENDATION DENIED APPELLANT'S CLAIMS FOR A DOWNWARD ADJUSTMENT TO HIS REMAINING PERIOD OF PAROLE BASED UPON:
 
 
 6
 1. THE PROCEDURES UTILIZED BY THE U.S. PAROLE COMMISSION BOTH BEFORE AND DURING THE PAROLE REVOCATION HEARING DENIED APPELLANT DUE PROCESS AND
 
 
 7
 2. THE ADDITIONAL SENTENCE TO INCARCERATION ASSESSED AGAINST APPELLANT AT THE PAROLE REVOCATION HEARING IS AN EXCESSIVE SENTENCE BECAUSE
 
 
 8
 A. THE EVIDENCE, CONTRARY TO THE FINDINGS OF THE PAROLE BOARD, CLEARLY DEMONSTRATES THAT THE APPELLANT HAD RETURNED TIMELY TO THE RESTITUTION CENTER; AND
 
 
 9
 B. THE EVIDENCE AFFIRMATIVELY DEMONSTRATES, CONTRARY TO THE FINDINGS OF THE PAROLE BOARD, THAT THE ATM CARD IS NOT A CREDIT CARD DEVICE AND THAT THE PETITIONER WAS LAWFULLY IN POSSESSION OF THE MONEY FOUND ON HIM.
 
 
 10
 Our review of a decision made by the Parole Commission is limited. See 18 U.S.C. Sec. 4218(d). We review to determine whether there is a rational basis in the record to support the Parole Commission's decision and "[w]e will not disturb that decision 'unless there is a clear showing of arbitrary and capricious action or an abuse of discretion.' " Kell v. United States Parole Com'n, 26 F.3d 1016, 1019 (10th Cir.1994). This court lacks the power to substitute its judgment for that of the Parole Commission, even were we inclined to do so.
 
 
 11
 The judgment of the district court was correct and should be affirmed for substantially the same grounds set forth in the thorough, accurate, and well written Report of the magistrate judge. Mr. Conlon's assertions lack legal support, are not supported by the factual record and are not persuasive. His arguments merit no further discussion than that set forth in the attached Recommendation.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 
 12
 MICHAEL J. CONLON, Petitioner,
 
 
 13
 -vs.-
 
 
 14
 WARDEN WOOTEN, Respondent.
 
 Case No. 94-K-2124
 
 15
 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
 
 
 16
 BORCHERS, United States Magistrate Judge.
 
 
 17
 THIS MATTER is before the Court on the petition of Michael J. Conlon (Petitioner) filed pursuant to 28 U.S.C. Sec. 2241. Petitioner has alleged that he is being improperly held, and should be released or should receive type of relief from the Court.
 
 
 18
 After the petition was filed, counsel was appointed for Petitioner. An evidentiary hearing was held on March 10, 1995. The Court received testimony and offers of proof from Petitioner. Argument was provided by counsel, and the case was then taken under advisement. Further argument is waived.
 
 I.
 
 19
 Petitioner is presently in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Prison Camp at Florence, Colorado.
 
 
 20
 The facts in this case are not in dispute. Petitioner was originally convicted on a drug charge in 1986. He received a twelve-year sentence to the BOP. After a period of incarceration, Petitioner was placed in a half-way house in anticipation of being granted parole. That release was retarded by the United States Parole Commission (USPC) after Petitioner failed to abide by the rules of the half-way house. Petitioner was regressed to a formal BOP facility.
 
 
 21
 Petitioner then was granted parole in 1991. As a condition of his parole, he was required to live in a half-way house in Texas. That parole failed after a short period of time. Petitioner had left the district without permission. He had travelled to Reno, Nevada to be with his wife, who was residing in that city. The USPC revoked parole and Petitioner was placed back into BOP custody.
 
 
 22
 Petitioner was paroled a second time on September 30, 1993. This parole required as a condition that Petitioner be placed in a half-way house for a period of time. The half-way house was located in Reno, Nevada, the location of Petitioner's wife. As further conditions of parole, Petitioner was not to drink or be involved in financial dealings.
 
 
 23
 Petitioner returned late to the half-way house in Reno on November 22, 1993. Petitioner had consumed alcohol and was directed to take a urinalysis test. That test was completed on November 23, 1993. Petitioner also was discovered to have in his possession over $100 and a credit card-like device.
 
 
 24
 Petitioner then was restricted to the half-way house. No disciplinary hearing was held by the half-way house, but the local parole agent of the USPC was notified. Petitioner was arrested and placed into the county jail in Reno on November 30, 1993.
 
 
 25
 Petitioner received a preliminary interview by a probation officer on January 11, 1994. Petitioner was represented by retained counsel. The probation officer found probable cause to believe that there had been a violation of parole. On February 15, 1994, the USPC advised Petitioner by letter that it had found probable cause. A local revocation hearing was set.
 
 
 26
 A local revocation hearing was held on March 3, 1994 in Reno, Nevada by the USPC. Petitioner was represented by Scott Freeman, retained counsel. Petitioner admitted that he had consumed alcohol, even though prohibited by his conditions of parole (Charge # 1) and admitted further the consumption was excessive, in that he had more than one drink. (Charge # 2) Petitioner denied the remaining charges.
 
 
 27
 Testimony at the hearing before the USPC indicated that Petitioner had consumed alcohol and that such consumption was to an excess. Petitioner disputed that he was in possession of a credit card. He testified that he had a ATM card that belonged to his wife and that he had used it to obtain money for family matters. The USPC officer conducting the hearing found that the card had been improperly in Petitioner's possession and had been improperly used. The officer found that possession of the ATM card violated the condition of parole that Petitioner not be involved in securing new credit cards or lines of credit, or be involved in negotiating or consummating any financial contracts.
 
 
 28
 The USPC revoked parole on April 13, 1994. Petitioner was directed back into BOP custody. The USPC found that Petitioner had failed three release attempts and was a poor risk because of his alcohol abuse problem. All time on parole was credited toward his sentence, as was time spent in custody in the Washoe County Jail. Petitioner was directed to serve an additional 16 months of his sentence, with a presumptive parole date of March 30, 1995.[1]
 
 
 29
 Petitioner did not appeal the decision of the USPC to the National Appeals Board of the USPC. Petitioner testified that the notice of action was sent to his counsel, but that his counsel had completed his work for him. Petitioner testified that he did not receive a copy of the notice of action from the USPC until he arrived at the Florence facility. By that time, the period for filing an administrative appeal had closed. Petitioner has maintained that he should be excused from having to file an appeal from the revocation decision.
 
 II.
 
 30
 Petitioner in his pro se pleadings and documents filed by his counsel have raised a myriad of issues. The evidentiary hearing in this case clarified dramatically what really happened in late 1993 and early 1994.[2]
 
 
 31
 The testimony of Petitioner clearly indicated that he had consumed alcohol on November 22, 1993. One of the conditions of parole was that he not consume alcohol. Petitioner violated this condition. That it is not disputed and was admitted freely by him. Petitioner candidly acknowledged that he is an alcoholic and that all three of his releases have failed due to alcohol problems.
 
 
 32
 There was a dispute as to the urinalysis test results, but this point is immaterial. Petitioner admitted consuming alcohol and that fact, in and of itself, was a sufficient basis for revocation of his parole.
 
 
 33
 Petitioner did dispute that he was late in returning to the half-way house and that he was in possession of a credit device. The dispute as to whether or not Petitioner had received permission to report back late to the half-way house was resolved against him by the USPC. Indeed, Petitioner testified that he contemplated coming back late due to legal research that he was doing at a local law library. He obviously did not stay at the law library, as he went to a local bar to consume alcohol.
 
 
 34
 The ATM card was deemed to be a violation of the condition not to incur any new credit cards, lines of credit or the like. There is a serious question as to why Petitioner obtained the money from the ATM machine. The decision of the USPC finding that possession and use of the ATM card violated the parole condition is not unreasonable and is supported by the evidence. Though Petitioner believes that an ATM card would not be prohibited under the condition of parole, there is no question that the USPC did not want Petitioner involved in any way in use of credit or similar devices because of his past gambling problems. This Court cannot say that the decision of the USPC was arbitrary or capricious. Russ v. Perrill, 995 F.2d 1001 (10th Cir.1993).
 
 
 35
 The evidence is undisputed that Petitioner was directed not to consume alcohol or be involved in any credit or similar transactions. Petitioner had been on parole before and knew what was expected of him. He failed and properly was revoked. The testimony of Petitioner at the evidentiary hearing, as well as at the hearing before the USPC, substantiated the decision to revoke. Petitioner cannot now argue that there was no basis for revocation, as his testimony alone provided such a basis. There was no abuse of discretion in revoking parole. Kell v. United States Parole Comm., 26 F.3d 1016 (10th Cir.1994).
 
 
 36
 The Court needs to discuss briefly additional matters. First, Petitioner has argued in his pleadings that the half-way house provided no disciplinary hearing after he was placed on restriction. This is a non-issue, as there is no evidence that Petitioner was entitled to a disciplinary hearing or that it would have had any impact on the revocation of his federal parole. There is no constitutional right to parole. Greenholtz v. Inmates of Neb.Penal & Corr.Complex, 442 U.S. 1 (1979). Petitioner's reliance on applicable provisions of the Code of Federal Regulations, 28 CFR Sec. 2.1, et seq. is misplaced. No specific section requires a half-way house to hold a disciplinary hearing before referring a matter to the USPC.
 
 
 37
 Second, Petitioner has argued that there was insufficient evidence initially presented to the USPC to allow any action to be taken against him. This also is a non-issue. Petitioner acknowledged early on that he had consumed alcohol. He never disputed that he had the ATM card and the one hundred plus dollars in cash. The argument of Petitioner is that the initial incident report from the half-way house was devoid of due process, because no disciplinary proceeding had preceded it. This argument is without merit. Petitioner was arrested, received a preliminary interview, was granted a local revocation hearing, and received credit for all time that he served while on parole. This Court finds that Petitioner received all due process to which he was entitled.
 
 
 38
 Finally, Petitioner's argument concerning denial of due process at the half-way house fails because he admitted the allegation of alcohol consumption at the USPC hearing. This admission explicitly waived any defect in the process. The documents from the USPC also reflect the issue was not raised at the revocation hearing. Petitioner was represented by counsel at that time.
 
 
 39
 There also is no evidence that Petitioner suffered any prejudice. He admitted drinking alcohol. He never disputed having the ATM card and the cash in his possession. Petitioner has not claimed he was unable to prepare a defense or present witnesses at the revocation hearing. This Court is unable to see how Petitioner can claim that his parole would not be revoked and that the USPC erred in returning him to the custody of BOP.
 
 
 40
 Petitioner at the evidentiary hearing argued that he received too severe a penalty from the USPC. This issue was not developed at the hearing or previously in pleadings. This Court cannot substitute its judgment for that the USPC. This Court cannot set aside any USPC decision unless there is a clear abuse of discretion. Kell v. U.S. Parole Comm., supra; Marshall v. Lansing, 839 F.2d 933 (3d Cir.1988). Petitioner has presented no legal basis for this Court to grant any relief.
 
 
 41
 IT IS HEREBY RECOMMENDED that the petition of Michael J. Conlon filed pursuant to 28 U.S.C. Sec. 2241 be denied.
 
 
 42
 FURTHER, IT IS ORDERED that under Rule 72.4 of the Local Rules of Practice of the United States District Court for the District of Colorado, the parties shall have ten days (10) after service hereof to file any written objections with the assigned District Judge. Fed.R.Civ.P. 72. The party filing an objection must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this document may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. Sec. 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 43
 DATED and ENTERED this 6 day of April, 1995.
 
 
 44
 James W. Winchester,
 
 Assistant U.S. Attorney
 1961 Stout St., # 1200
 
 45
 Denver, CO.
 
 
 46
 Philip Ogden, Esq.
 
 219 E. Vermijo
 Colorado Springs, CO
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Petitioner's release has been retarded, as the District of Nevada will not accept him again for parole in that district. Petitioner most probably will be paroled to Texas where he was convicted and sentenced
 
 
 [2]
 Respondent has renewed his request for dismissal on the basis of a failure to appeal to the National Appeals Board of the USPC. This Court need not reach this issue, as the petition does not have any substantive merit