**UNITED STATES COURT OF APPEALS**
**Filed 11/4/96**
**TENTH CIRCUIT**

ARLEN JOE PRICE,

       Petitioner-Appellant,

v.

DUANE SHILLINGER, Warden,
Wyoming State Penitentiary,

       Respondent-Appellee.

Case No. 95-8066

(D.C. 91-CV-0112-J)
(District of Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Pro se petitioner-appellant Arlen Joe Price appeals the district court's order

dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also

before the court is Mr. Price's motion for permission to supplement an additional issue on

appeal. We exercise jurisdiction under 28 U.S.C. § 1291.[1] We deny Mr. Price's motion

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The district court granted a certificate of probable cause, which is now treated as a certificate of appealability under section 102 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 102, 110 Stat. 1214, 1217-18 (codified at 28 U.S.C. § 2253(c)). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996). Given the

for permission to supplement his brief and the record with an additional issue not raised before the district court and we affirm the court's dismissal of Mr. Price's petition for a writ of habeas corpus.[2]

Mr. Price is a prisoner at the Idaho Correctional Institution in Orofino, Idaho. He is serving a life sentence for the first degree murder of his uncle, Sonny Price, imposed by the District Court for the Ninth District of Wyoming and affirmed by the Wyoming Supreme Court. Mr. Price brought this action pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming initially raising four claims for habeas corpus relief. After conceding three of those claims prior to the hearing, Mr. Price's Fifth Amendment claim remaining before the district court consisted of three arguments: (1) that the state trial court's ruling that he testify to provide a foundation for the testimony of an expert witness violated his Fifth Amendment privilege not to be compelled to be a witness against himself; (2) that the violation of this constitutional privilege can never be harmless error; and (3) that if the trial court's error is subject to harmless error analysis, the state failed to carry its burden of proving that such error was harmless.

---

similarity in the legal standards for evaluating the respective certificates, we defer to the district court's grant of a certificate of probable cause in this case.

[2] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Price's claim is based on a ruling by the state trial court which required him to testify in order to lay a foundation for the testimony of an expert witness. At trial, Mr. Price sought to demonstrate that he lacked the mental capacity to form the requisite specific intent for first-degree murder because of the alleged sexual abuse of him and his brother by Sonny Price. In support of this defense, Mr. Price presented a psychologist, Dr. Miracle, to testify about his mental state and its effects on his actions. Prior to allowing such testimony, however, the trial court ruled that the defendant must first testify to lay the proper foundation under the Wyoming Rules of Evidence. After consulting with his counsel and being advised of his testimonial rights by the trial judge, Mr. Price decided to take the stand and, in the course of testifying, admitted to killing Sonny Price. See Rec. vol. I, doc. 33, at 9 (Mem. Op. dated September 29, 1995). On direct appeal, the Wyoming Supreme Court held, among other things, that while the trial court erred in requiring Mr. Price to testify, such error constituted harmless error because Mr. Price had incriminated himself prior to testifying and exceeded the necessary scope of the direct examination. Price v. Wyoming, 807 P.2d 909, 913-14 (Wyo. 1991).

The district court denied Mr. Price's habeas corpus petition based upon its finding that Mr. Price voluntarily waived his Fifth Amendment privilege. Furthermore, the district court held that while such a violation would be subject to harmless error analysis, such analysis was unnecessary in this habeas corpus petition given the absence of an

3

underlying constitutional violation. Mr. Price now appeals this ruling on the same grounds as previously before the district court.[3]

In reviewing the district court's denial of Mr. Price's habeas corpus petition, we accept the court's findings of fact unless clearly erroneous, and we review the court's conclusions of law de novo. See Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995); Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994).

We first consider whether the state trial court's evidentiary ruling violated Mr. Price's Fifth Amendment privilege against self-incrimination. It is well established that the Fifth Amendment requires that a defendant's voluntary statement must not have been "extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." Bram v. United States, 168 U.S. 532, 542-43 (1897), Malloy v. Hogan, 378 U.S. 1, 7 (1964). The

---

[3] Also before this court is Mr. Price's motion for permission to supplement an additional issue on this appeal. Mr. Price's motion raises the additional question of whether his Sixth Amendment right to effective assistance of counsel was violated by his appointed counsel's alleged failure to communicate with him regarding representation and to obtain proper consent authorizing his direct appeal to the Wyoming Supreme Court. It is a general rule that a federal appellate court will not consider an issue not presented to and decided by the district court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976); Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993). While this court does have discretion to resolve an issue not considered by the district court, this authority has been exercised only rarely by this court. See Lyons, 994 F.2d at 721. Mr. Price's motion raises an issue which Respondents have not had an opportunity to respond to and which would require evidentiary findings by the district court if we were to consider it. Therefore, we deny Mr. Price's motion to supplement this additional issue on this appeal.

underlying test for determining the voluntariness of a confession is to look at the "totality of all the surrounding circumstances--both the characteristics of the accused and the details of the interrogation." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

In this case, the state trial court ruled that the defendant must testify to lay a foundation for the testimony of his only expert witness. This prospective ruling on the part of the trial court constituted an evidentiary error.[4] Price, 807 P.2d at 913. The district court held that this evidentiary error did not rise to the level of a Fifth Amendment violation because the defendant waived his privilege not to testify. We find support for this waiver in the defense counsel's earlier statement to the court that Mr. Price would testify at some point in the trial to "tie-up" his brother's testimony and through Mr. Price's own statements on direct examination which exceeded the necessary scope of the foundation requirement. However, we need not decide whether the state trial court's evidentiary error and the dilemma in which it placed Mr. Price violated his Fifth Amendment privilege against self-incrimination, because we conclude that even assuming it did, in light of Mr. Price's out-of-court confessions admitted into evidence, the error would be harmless.

---

[4] A more troubling evidentiary issue, not addressed by the parties, is the trial court's ruling, once the psychologist took the stand, to exclude his testimony concerning Mr. Price's mental condition and ability to form the specific intent necessary for a premeditated murder conviction. Regardless of Wyoming's rejection of a diminished capacity defense, we are at a loss in understanding why a defendant would be prohibited from negating a prima facie element of the prosecution's case.

In Chapman v. California, 386 U.S. 18, 22 (1967), the Supreme Court adopted the general rule that even a constitutional error does not <u>automatically</u> require the reversal of a conviction.  While there are exceptions to this rule where the constitutional violation is so grave as to constitute a structural defect in the trial, <u>see</u> <u>Arizona v. Fulminante</u>, 499 U.S. 279, 309 (1991), the Supreme Court has specifically held that the admission of an involuntary confession is a "trial error" which is subject to harmless error analysis.[5]  <u>Id.</u> at 1265.  "[T]he standard for determining whether habeas relief must be granted is whether the . . . error 'had substantial and injurious effect or influence in determining the jury's verdict.'" <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993) (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 776 (1946)); <u>see also</u> <u>Tuttle v. Utah</u>, 57 F.3d 879, 883 (10th Cir. 1995).

_____

[5] Although <u>Payne v. Arkansas</u>, 356 U.S. 560 (1958), suggested that a coerced confession constitutes structural error, that holding was effectively overruled in <u>Fulminante</u> where the Court provided that "the admission of an involuntary confession is a 'trial error,' similar in both degree and kind to the erroneous admission of other types of evidence."  499 U.S. at 310.  Thus, the use of a coerced confession is subject to harmless error analysis.  <u>See e.g.</u>, Harry T. Edwards, Madison Lecture: To Err is Human, But Not Always Harmless: When Should Legal Error Be Tolerated, 70 N.Y.U. L. Rev. 1167, 1176-77 (1995).

The decision to subject this type of trial error to harmless error analysis is bolstered by the fact that Mr. Price's tape recorded confession was already before the jury, Mr. Price's counsel represented to the court that he would be testifying at a later point in the trial to "tie up" Timmy Price's testimony, and the most incriminating statements made by Mr. Price came during his own direct examination.  In this manner, the evidentiary error in this case represents an "error in the trial process," as opposed to a "structural defect affecting the framework within which the trial proceeds." <u>Id.</u>

Assuming that there was a Fifth Amendment violation, we must examine Mr. Price's in-court testimony "in light of the entire record to determine what its effect on the jury may have been." Tuttle, 57 F.3d at 884; see also Graham v. Wilson, 828 F.2d 656, 659 (10th Cir. 1987). Upon reviewing the record, we conclude that the trial court's ruling requiring Mr. Price to testify did not have a "substantial and injurious effect" in determining the jury's verdict. The jury heard two voluntary, tape recorded confessions in which Mr. Price admitted to killing Sonny Price and described several of the details regarding the manner of the killing. See Rec. vol. I, doc. 29, at 5-6. In addition, the jury heard testimony from five individuals--including Mr. Price's mother--who recounted Mr. Price's confessions to the murder of Sonny Price and his reasons for doing so. See id. at 3-7. While the direct confession of a defendant "is probably the most probative and damaging evidence that can be admitted against him," Bruton v. United States, 391 U.S. 123, 139 (1968), and "requires a reviewing court to exercise extreme caution before determining that the admission of the confession at trial was harmless," Fulminante, 499 U.S. at 296, we find that the weight of the prosecution's evidence supports a conclusion that Mr. Price's in-court testimony did not have a "substantial and injurious effect or influence in determining the jury's verdict." See Kotteakos, 328 U.S. at 776. We therefore hold that the trial court's evidentiary error, assuming it constituted a constitutional violation, was harmless.

7

Mr. Price's motion for permission to supplement an additional issue on appeal is DENIED; and the district court's order dismissing his petition for a writ of habeas corpus is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge