UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 1/24/97**

ALFRED L. CAMERON,

    Petitioner-Appellant,

      v.

R.G. THOMPSON; UNITED STATES
PAROLE COMMISSION,

    Respondents-Appellees.

No. 96-6201
(D.C. No. CIV-95-1659-L)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Alfred L. Cameron, a federal inmate appearing pro se, appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. We affirm.

Cameron challenges the decision of the United States Parole Commission (USPC) revoking his parole and requiring him to serve 210 months for his parole violation

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

behavior before reparole. More specifically, he contends the USPC (1) violated his due process rights and acted contrary to its own regulations by imposing a reparole term that is longer than the time remaining to be served on his original sentence, and (2) placed him in double jeopardy by "imposing a second punishment against [him] for a state offense that has already been served." Petition at 7.

The district court referred Cameron's petition to a magistrate judge and, on January 19, 1996, the magistrate concluded the USPC had acted properly and had not violated Cameron's constitutional rights. Cameron filed written objections to the magistrate's report and, on May 21, 1996, the district court denied the petition for the reasons stated in the magistrate's report. Cameron filed his notice of appeal with the district court on June 6, 1996. On June 20, 1996, the district court issued an order concluding Cameron had failed to make a substantial showing of the denial of a federal right. Accordingly, the district court purported to deny Cameron a certificate of appealability under 28 U.S.C. § 2253 (as amended on April 24, 1996, by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 § 101).

We note that it was unnecessary for Cameron to obtain a certificate of appealability. Although the newly-amended § 2253 requires a person to obtain a certificate of appealability in "a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," or "in a proceeding under section 2255," it does not impose such a requirement on a person seeking to appeal a final order in a proceeding under 28 U.S.C. § 2241. Bradshaw v. Story, 86 F.3d 164, 165-66 (10th Cir. 1996). Here, Cameron properly filed his petition under § 2241, see id. at 166 (noting a § 2241 petition attacks the execution of a sentence and must be filed in the

-2-

district where the prisoner is confined), and seeks to appeal the district court's denial of that petition. No certificate of appealability is necessary.

We turn to the merits of Cameron's appeal. Cameron contends the USPC violated 28 C.F.R. § 2.52(c)(2) by imposing a reparole term of 210 months when he only had 162 months left to serve on his original sentence. Cameron has misconstrued the applicable regulations.

Under § 2.52, the USPC can revoke parole and impose a new period of confinement (*i.e.*, a violator term). The only restriction is that the violator term, taken together with the time served by the parolee prior to release, cannot exceed the total length of the parolee's original sentence. Here, the USPC complied with this requirement because the violator term imposed and the time Cameron served prior to parole are equal to the original sentence imposed (*i.e.*, 240 months). The 210-month reparole term is an entirely separate determination made by the USPC and the determination is not subject to the same restrictions. In particular, there is no requirement that the reparole term be less than the original sentence. See generally 28 C.F.R. § 2.20, § 2.21 (concerning computation of reparole term). We note in passing that Cameron's presumptive reparole date (May 28, 2001) falls well within the full expiration of his violator term (April 18, 2008), as well as within his new mandatory release date (October 28, 2003). We therefore find no error in the USPC's computations. See Kell v. United States Parole Com'n, 26 F.3d 1016, 1019 (10th Cir. 1994) (holding that a decision of the USPC will not be disturbed unless there is a clear showing of arbitrary and capricious action or an abuse of discretion).

Cameron also contends the USPC's determination of a presumptive parole date violates the Double Jeopardy Clause because it punishes him for time already served on an intervening state sentence. Cameron is apparently complaining that the reparole term calculated by the USPC (210 months) takes into account 131 months that he spent serving an Oregon state sentence that was imposed while he was on parole. As noted by the district court, parole determinations are not viewed as criminal punishment subject to the Double Jeopardy Clause. Id. at 1020. Moreover, inclusion of the 131 months in the reparole term did not extend Cameron's sentence beyond the 240 months originally imposed. This issue is without merit.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge