**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN OSCAR BROTHERS,

        Petitioner - Appellant,

v.

UNITED STATES PAROLE
COMMISSION and A. M. FLOWERS,

        Respondents - Appellees.

No. 99-6070

(W.D. Oklahoma)

(D.C. No. 98-CV-548-R)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

John Oscar Brothers appeals from the denial of his 28 U.S.C. § 2241 petition in the district court. He challenges the revocation of his parole, arguing that he was denied the right to confront his alleged victim at his parole revocation hearing, and that the revocation was arbitrary and capricious because it was based largely on hearsay evidence. We affirm the denial of Brothers' petition because he has not shown that he requested the alleged victim's presence at the hearing, and because the Commission was entitled to rely on hearsay. Brothers also challenges the length of the revocation and the requirement that he participate in a program for alcohol dependency. We reject these challenges for the reasons stated by the district court and the magistrate judge.

## BACKGROUND

At the time of the events at issue here, Brothers had been on parole since 1993 for a kidnapping conviction, based on a 1972 incident in which he and a co-defendant abducted and repeatedly raped a 24-year-old woman. His criminal record also included a 1971 conviction for conspiring to commit rape and a 1974 sodomy conviction for an attack on an inmate with limited mental abilities.

On August 12, 1997, Brothers was arrested for parole violations; on August 30, 1997, a preliminary interview was held; and on October 20, 1997, the Parole Commission held a hearing. It revoked Brothers' parole on November 21,

1997.  It is from this action, which was affirmed by the National Appeals Board, that Brothers seeks relief.  The district court, adopting the findings of the magistrate judge to whom the case was referred, denied Brothers' petition for a writ of habeas corpus.

The Parole Commission, evaluating charges of, inter alia, (1) lewd or indecent proposals or acts as to a child under sixteen; (2) unlawful sexual contact with a minor; and (3) white slave trafficking, found the following facts, which were summarized by the Magistrate Judge:

> Petitioner was found in the sleeping compartment of his truck with a twelve-year-old girl whom he had transported from Oklahoma City to Little Rock.  The girl reported to authorities that Petitioner had kissed her on the mouth, had asked her to sit on his lap, "rubbed" her, and had asked if she wanted him to "feel me up."  [The evidence] support[s] the conclusion that Petitioner paid the girl's parents $400 to allow him to take the girl with him to South Carolina.

Appellant's App. (App.) at 87.  The evidence considered by the Commission included law enforcement reports and social worker reports, as well as testimony from Brothers, Frank Bone (an uncle of the alleged victim's stepfather), Probation Officer Tony Budzinsky, and Investigator J. Cothran of the Oklahoma County Sheriff's Department Metro Child Abuse Unit.  Much of this evidence repeated hearsay statements of the alleged victim.

## DISCUSSION

Brothers claims that the district court abused its discretion in upholding the Parole Commission's decision to consider hearsay statements of the alleged victim without producing her at the parole revocation hearing, thereby denying him due process. Brothers cites Morrissey v. Brewer, 408 U.S. 471 (1972), which provides a parolee, at a parole revocation hearing, a due process "right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Id. at 489.

A parolee's failure to request the presence of an adverse witness prevents the parolee from claiming that the witness's absence deprived the parolee of due process. See Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019-20 (10th Cir. 1994). It is undisputed, and the record shows, that Brothers had two opportunities to request the presence of adverse witnesses; the record indicates that he requested only that Tony Budzinsky be present. App. at 9-10, 21-22; Appellee's Supp. App. at 66-67. Although Brothers claims that he requested the alleged victim's presence, the magistrate judge found that this request was "not evident on the record before this Court." App. at 87 n.3. The district court agreed: "[T]he record indicates that the Petitioner was advised of his opportunity to present and confront witnesses, and that he did not request that the girl appear." App. at 108.

Brothers states that his request is on an "audio tape of the Revocation Hearing, currently in possession of the Parole Commission." Appellant's Br. at 5, 16. That may be. But it is of no help to us in evaluating Brothers' claim. We will not say that the district court abused its discretion and that the Parole Commission violated the Constitution, when all Brothers has produced are his own unsubstantiated allegations.

Brothers claims that he relied on the Parole Commission's representations that they would present the alleged victim as a witness at the hearing. Even if that is so (and Brothers cites no record support for this claim either), due process was not violated, because the testimony and documents upon which the Commission relied were mutually corroborative and had sufficient indicia of reliability. See Kell, 26 F.3d at 1019-20.

In a separate argument, Brothers argues that the Commission acted arbitrarily and capriciously in revoking his parole because it based its decision on hearsay evidence. He urges that "there was simply no factual basis to support any of the charges against him," and that "[u]nless the Parole Commission has deemed that any kiss that an adult gives a child is some kind of illegal sexual conduct, there is simply no evidence that Appellant engaged in any illicit or illegal behavior, sexual or otherwise." Appellant's Br. at 21, 22.

Brothers' quarrel with the quality of the evidence against him is meritless. His argument, distilled to its essence, is that hearsay evidence is not really evidence at all. Yet, "[t]he Parole Commission may consider hearsay evidence." Kell, 26 F.3d at 1021. That hearsay evidence pointed consistently and overwhelmingly to the conclusion that Brothers' cross-country trip with a twelve-year-old girl was not an innocent undertaking. The factual basis for his parole revocation is well established by the record.

Brothers raises two other grounds for relief. He contends that the Commission erred in making an upward departure from the guidelines in 28 C.F.R. § 2.20, and that the Commission abused its discretion in directing him to participate in a program for alcohol dependency. On these points, Brothers has simply reiterated arguments which the district court and the magistrate judge both soundly rejected. We also reject them, and for the same reasons.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-6-