**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS BLESSING,

      Petitioner-Appellant,

v.

JOE BOOKER, Warden,

      Respondent-Appellee.

No. 99-3336

(D.C. No. 98-CV-3147)
(D.Kan.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Thomas Blessing appeals the district court's denial of his 28 U.S.C. § 2241 petition. We affirm.

Blessing is currently serving a controlling 27-year sentence for two military

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court-martial proceedings. The first is a 25-year sentence which was imposed in January 1988 for assault with intent to commit murder, kidnaping, soliciting another to commit murder, and false swearing. The second is a two-year sentence which was imposed in September 1989 for aggravated assault. In the aggravated assault case, Blessing entered into a plea bargain with the government that provided for a sentence of no longer than 24 months. At his initial parole hearing in September 1995, the hearing examiner recommended presumptive parole after 120 months. The regional office disagreed and recommended presumptive parole after 168 months. The National Appeals Board set Blessing's presumptive parole at 156 months (November 4, 2000).

In November 1995, Blessing attacked an inmate. He was convicted of possession of a prohibited object and sentenced to 12 months, with the sentence to begin after Blessing completed his parolable term. The hearing examiner recommended that Blessing serve an additional 24 months before parole. The Parole Commission agreed and set Blessing's new presumptive parole date at November 4, 2002. The National Appeals Board affirmed the decision. Blessing filed his § 2241 petition in district court, alleging the Commission unlawfully considered information outside the scope of his plea agreement to set a parole guidelines range that exceeded the 24-month sentence of confinement outlined in the plea agreement.

On appeal, Blessing contends the district court abused its discretion in finding there was no violation of his plea agreement. We review de novo the district court's decision to deny habeas relief. Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994). In reviewing the Commission's decision, we determine whether there is a rational basis in the record to support the decision and we will not disturb that decision "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." Id. (internal quotation omitted). Blessing has failed to include the plea agreement or the sentencing transcript in the record on appeal. See United States v. Vasquez, 985 F.2d 491, 494 (10th Cir. 1993) (noting that "[w]hen the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, the Court of Appeals is unable to rule on that issue").

Regardless of the record inadequacy, Blessing has not shown that he has received a sentence of more than 24 months' imprisonment for his aggravated assault conviction. The aggravated assault conviction extended Blessing's parole release date. The district court found that Blessing's "24 month sentence, pursuant to his plea agreement, remains untouched, as does his 27 year controlling sentence on the aggregated military court-martial convictions. Record, Doc. 9 at 4. See Artez v. Mulcrone, 673 F.2d 1169, 1170 (10th Cir. 1982) (stating that the Commission does not modify a sentence; it "merely

3

determines whether the individual will serve the sentence inside or outside the prison walls"). Blessing has failed to show that the government violated the plea agreement.

The decision of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
