Russell D. **MELLETTE**, Jr., Petitioner,

v.

Gregory A. **LOWE, et al., Respondents.**

No. 94–3186–RDR.

United States District Court,
D. Kansas.

March 10, 1995.

Russell D. Mellette, Jr., Fort Leavenworth, KS, pro se.

D. Brad Bailey, Office of U.S. Atty., Topeka, KS, for respondents.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas ("USDB"). In this action, petitioner challenges the decision of the US Air Force Clemency and Parole Board ("Parole Board") to award no credit on his sentence for "street time", time spent on parole, and alleges other due process violations. The respondents have filed an Answer and Return (Doc. 8), and petitioner has filed a traverse (Doc. 9). The matter is therefore ripe for review, and the court, having examined the record, makes the following findings and order.

*Factual Background*

Petitioner was convicted of aggravated arson by a court-martial and sentenced to ten years confinement at the USDB. His sentence began on August 20, 1981. Petitioner was released on parole on February 19, 1987. Incident to his release, he signed a parole agreement in which he agreed, *inter alia,* to participate in substance abuse treatment, submit to urinalysis at the direction of his parole officer, break no laws, and obtain prior approval from his parole officer before changing his residence or employment. (Doc. 2, Ex. A–2.) The parole agreement contains a statement of understanding which provides that the violation of these conditions may result in the forfeiture of all good conduct time earned. *Id.* Petitioner signed this statement, indicating his acceptance of these conditions.

Following his release on parole, petitioner secured employment and maintained a separate residence. In July 1987, he was arrested by South Carolina authorities for public intoxication. He was sentenced to confinement for one day. As a result, military authorities issued an official reprimand.

Between December 1987 and July 1989, petitioner was arrested three times for driving under the influence of alcohol. As a result of the third arrest and his alleged failure to attend Alcoholics Anonymous meetings, the Parole Board suspended petitioner's parole and ordered a preliminary interview to evaluate whether probable cause existed to believe petitioner had violated the conditions of his parole.

This interview was conducted on October 4, 1989, and the interviewer found probable cause. The Parole Board elected to reinstate petitioner's parole, contingent on his compli-

ance with certain conditions, including participation in counseling and refraining from alcohol use.

In June 1990, petitioner tested positive for marijuana on two occasions. As a result, his parole was suspended and a second preliminary interview was held. Following the interview, the Parole Board again issued an official reprimand but again reinstated petitioner's parole.

Petitioner was arrested on January 1, 1991, for disorderly conduct and resisting arrest, and in April 1991, his parole again was suspended. The local interview resulted in a recommendation of parole revocation and return to confinement. The Parole Board issued an arrest warrant but granted petitioner's request for a local parole violation hearing. The hearing was held on September 10, 1991, and the Parole Board revoked petitioner's parole effective October 25, 1991, and granted credit for street time from February 19, 1987, to July 25, 1987. This result changed petitioner's release date from August 20, 1991, to November 21, 1995. Petitioner was reparoled effective October 26, 1991, pursuant to a new parole agreement which added special conditions concerning substance abuse treatment and counseling. (Doc. 8, Admin.Par.Rec., pp. 33–34.)

Petitioner was arrested on December 16, 1991, for driving under the influence of alcohol in a suspected suicide attempt. He was released on bond and admitted to inpatient psychiatric care. The Parole Board chose not to suspend parole in order to permit him to continue treatment in the community. However, the Parole Board specifically noted that it had not forgiven the incident of December 16, 1991, and warned an arrest warrant would issue if petitioner continued to violate the conditions of his parole. *Id.* at 38.

Petitioner was convicted on July 27, 1992, of driving under a suspended license in the December 16, 1991, incident.

On February 7, 1992, petitioner was charged with assaulting a hospital security officer. This charge was suspended on the condition petitioner obtain alcohol treatment. Petitioner was again arrested on March 7, 1993, for public intoxication, and on August 8, 1993, he was arrested for disorderly conduct. In September 1993, petitioner's probation officer discovered petitioner has left his employment without permission or reporting the change, and the probation officer then located petitioner at his residence in an intoxicated state. He was directed to report to the probation office on the following Monday, but failed to report.

On October 1, 1993, the Parole Board suspended petitioner's parole and issued an arrest warrant. Petitioner was arrested on October 6, and returned to the USDB. A violation hearing was held on December 9, 1993, and on March 11, 1994, the Parole Board revoked petitioner's parole and denied credit for any street time, resulting in a final release date of October 31, 1997.

Petitioner contends the failure to grant credit for the period from February 19, 1987, to October 25, 1991, violates due process. He also alleges due process violations occurred during the administrative parole proceedings in his case.

### Discussion

■ In evaluating this case, the court must determine whether the action of the Parole Board was arbitrary and capricious. *Kell v. U.S. Parole Commission,* 26 F.3d 1016, 1019 (10th Cir.1994). Only if the Parole Board's action appears to be an abuse of discretion is relief appropriate. *Id.*

### Denial of credit for street time

The treatment of street time in the context of this action is governed by AFR 125–18. This regulation provides that upon revocation, a prisoner is to receive credit for street time unless one of two conditions exists. The first condition occurs when the parolee is convicted of a new offense after release on parole and the new offense is punishable by a term of imprisonment. This condition is met even if no term of confinement is actually imposed. When a conviction occurs after a parole violation hearing, the regulation specifically authorizes the Parole Board to reconsider the forfeiture of time served on

parole. (Doc. 8, Appen., p. 8, par. 11–23e(1)).[1]

The second condition occurs where the Parole Board determines a parolee intentionally refused or failed to respond to any reasonable request, order, or summons of the Parole Board or any agent or where the Parole Board finds the parolee was not materially in compliance with the conditions of parole. When these circumstances occur, the Parole Board may order the forfeiture of time in which the parolee refused or otherwise was not in compliance. *Id.* at par. 11–23e(2).[2]

■ Following petitioner's reparole, he was convicted of two offenses punishable by imprisonment under South Carolina law: his conviction for driving with a suspended license on December 16, 1991, and his conviction for public intoxication on March 7, 1993. These incidents were specifically identified by the Parole Board incident to its March 11, 1994, revocation of petitioner's parole. (Doc. 8, Admin.Par.Rec. at 3.) The Parole Board therefore was authorized to reconsider and modify the credit for street time given earlier.

■ In addition to these two convictions, petitioner's record reveals numerous violations of the conditions of his parole, including use of alcohol and failure to report arrest. The record provides a substantial basis for the Parole Board to conclude petitioner was not materially in compliance with the conditions of his parole.

■ The authorizing regulation clearly contemplates the power of the Parole Board to examine a parolee's entire record in determining whether credit is appropriate for time spent on parole. The record shows petitioner had numerous incidents of noncompliant behavior, and the court finds the action of the Parole Board was well within its discretion. Petitioner is entitled to no relief on this claim.

*Due process in hearing proceedings*

■ Petitioner also claims he was denied due process at his parole violation hearing in September 1991, by the failure to provide a full statement of the charges against him. (Doc. 9, p. 2.) AFR 125–18 contemplates a parolee will be given notice of the violation hearing which includes the alleged violation, the purpose of the violation hearing, the evidence supporting the charge, the parolee's rights at the hearing, and the options available to the Parole Board. (Doc. 8, Appen., p. 7, par. 11–23d(2)(c)). Contrary to petitioner's claim, the record of the hearing suggests petitioner's counsel acknowledged receipt of a list of violations, (Doc. 2, AQ 8), and that petitioner stated he had received a fair and impartial hearing at the close of the proceedings. *Id.* at AQ 38. To the extent petitioner complains the preliminary interview before

---

1. Par. 11–23e(1) provides: **Credit for Service on Parole.** A prisoner whose parole is revoked shall receive credit for time spent on parole except as follows: (1) If the parolee has been convicted of a new offense committed after being released on parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of release to the date of suspension or revocation of that parole as a result of that new offense may be ordered by the U.S. Air Force Clemency and Parole Board. This forfeited time shall not be credited to service of the sentence. An actual term of confinement need not have been imposed for such conviction if the statute under which the parolee was convicted permits the trial court to impose any term of confinement. If such conviction occurs subsequent to a parole violation hearing, the U.S. Air Force Clemency and Parole Board may reconsider the forfeiture of time served on parole or other disposition, as appropriate.

2. Par. 11–23e(2) provides for the forfeiture of street time as follows: (2) If the U.S. Air Force Clemency and Parole Board finds that a parolee intentionally refused or failed to respond to any reasonable request, order, or summons of the U.S. Air Force Clemency and Parole Board or any agent thereof, including the assigned probation officer, or if the U.S. Air Force Clemency and Parole Board finds that the parolee was not materially in compliance with the conditions of parole, the U.S. Air Force Clemency and Parole Board finds that the parolee was not materially in compliance with the conditions of parole, the U.S. Air Force Clemency and Parole Board may order the forfeiture of time during which the parolee so refused or failed to respond or comply.

the 1991 violation hearing did not consider his first two convictions, the court agrees such consideration was not required. A conviction, obtained after criminal proceedings with due process protections, is sufficient to establish probable cause of a violation of parole. *See Turner v. U.S. Parole Com'n,* 934 F.2d 254 (10th Cir.1991) (state court conviction gives rise to probable cause to issue parole violator warrant); *Mack v. McCune,* 551 F.2d 251 (10th Cir.1977) (conviction establishes probable cause for parole revocation and initial local hearing not required).

Finally, petitioner argues this court's decision in *Jelks v. United States Army Clemency and Parole Board,* No. 89–3425–R, 1992 WL 190605 (D.Kan. July 28, 1992)[3] requires relief in this case. In *Jelks,* this court granted habeas corpus relief to an inmate who had forfeited street time for a period immediately preceding the revocation of his parole due to charges of aggravated assault and battery. However, petitioner Jelks, unlike the petitioner in this case, was never convicted of the criminal charges which resulted in the revocation of parole. Thus, the Department of Defense directive which governed the forfeiture of street time in the *Jelks* case did not authorize the loss of street time, while the virtually identical Air Force Regulation, which governs petitioner's parole case, dictates a contrary result due to petitioner's conviction.

Having examined the record in light of petitioner's arguments, the court finds the action by the Parole Board was neither arbitrary nor capricious and concludes petitioner is entitled to no relief.

IT IS THEREFORE ORDERED the petition for habeas corpus is denied.

### ATTACHMENT

Copr. (C) West 1995 No claim to orig. U.S. govt. works Not Reported in F.Supp.

(Cite as: 1992 WL 190605 (D.Kan.))

3. A copy of the *Jelks* decision is attached.

Bruce H. JELKS, Petitioner,

v.

UNITED STATES ARMY CLEMENCY and Parole Board, Respondents.

No. 89–3425–R.

United States District Court, D. Kansas.

July 28, 1992.

Bruce H. Jelks, Jr., pro se.

D. Brad Bailey, Office of U.S. Atty., Topeka, Kan., for respondents.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

*1 Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus, 28 U.S.C. § 2241. Petitioner is confined in the United States Disciplinary Barracks at Fort Leavenworth, Kansas, serving a twenty year sentence which was imposed in 1968. Petitioner seeks an order from this court directing the United States Army Clemency and Parole Board (Board) to credit petitioner's sentence with all or part of the time petitioner was on parole.

Petitioner was released on parole in 1975. While on parole, petitioner was arrested in February 1979 for possession of marijuana, and then convicted in June 1980 on his plea of nolo contendere. After his arrest and prior to his conviction, petitioner's parole was suspended. Following a parole violation hearing, the Board lifted the suspension and continued petitioner's parole. [FN1]

In 1983, petitioner was charged with aggravated assault and battery, but he was never convicted of this offense. [FN2] Following a parole revocation hearing on June 21, 1984, the Board revoked petitioner's parole based on the new charge. [FN3]

In 1989, the Board considered and denied petitioner credit for service on the twenty year sentence for the period of time petitioner was on parole ("street time") from 1975 to 1984. [FN4]

Department of Defense Directive 1325.4 (1988) provides: "8. Credit for Service of Sentence on Parole. A prisoner whose parole is revoked shall receive credit for time spent on parole except as follows: a. If the parolee has been convicted of a new offense committed after being released on parole, which is punishable by a term of imprisonment, forfeiture of the time from the date of release to the date of suspension or revocation of that parole as a result of that new offense may be ordered by the Clemency and Parole Board and such forfeited time shall not be credited to service of the sentence. An actual term of confinement need not have been imposed for such conviction if the statute under which the parolee was convicted permits the trial court to impose any term of confinement. If such conviction occurs subsequent to a parole violation hearing, a Clemency and Parole Board may reconsider the forfeiture of the time served on parole or other disposition, as appropriate."

In this action, petitioner claims the Board improperly denied him credit for his "street time" because he was never convicted of a new criminal offense while on parole. Petitioner erroneously relies on the distinction that he entered a plea of nolo contendere, rather than a plea of guilty, to the possession of marijuana charge in 1980. This distinction is without significance. Petitioner was clearly convicted of the drug offense while on parole.

Petitioner also claims that if he was convicted, then the forfeiture of his "street time" is limited to that period of time he was on parole up to his conviction in 1980. The court finds this claim has merit.

Respondent argues that petitioner's prior conviction in 1980 opens the door for the Board to consider whether credit for time petitioner served on parole, both before and after that conviction, should be forfeited. The court does not agree.

*2 Section 8 of DoD Dir. 1325.4 is directed at credit for "street time" when parole is revoked, and forfeiture of that credit when revocation is based on the prisoner's conviction while on parole. The forfeited time is computed from the date the prisoner is released on parole to the date his parole is suspended or revoked "as a result of that new offense." Within the plain meaning of the regulation, "that new offense" refers only to the offense for which the prisoner was convicted. Because petitioner's conviction in 1980 occurred subsequent to his parole revocation hearing, the Board was authorized to reconsider whether petitioner should forfeit credit for the time on parole up to the date petitioner's parole was suspended. In this case, that period of time amounted to 1434 days.

However, the revocation of petitioner's parole in 1984 was based on an offense for which petitioner was not convicted. Section 8 of DoD Dir. 1325.4 clearly states that petitioner was entitled to receive credit for time spent on parole. The language used is mandatory. [FN5] The exception in subsection (a) for denying credit is limited only to where that revocation is based on the prisoner's conviction. There is no dispute in the record that petitioner's revocation in 1984 was based only on his assaultive conduct. Respondent does not argue, nor does the court find, that the Board revoked petitioner's parole in 1984 based on petitioner's 1980 conviction for possession of marijuana.

Generally, this court's review of parole decisions is quite limited. See *Resnick v. U.S. Parole Com'n,* 835 F.2d 1297, 1301 (10th Cir.1987) (judicial review of Parole Commission action is whether decision is arbitrary or capricious, or an abuse of discretion). In the present case, the court finds no authority in that portion of DoD Dir. 1325.4 provided by respondents to support the Board's decision to forfeit all of petitioner's "street time" from the date he was released on parole to the date parole was revoked for an offense for which petitioner was not convicted. Under the facts of this case, the Board's authority to forfeit petitioner's "street time" was limited to that period from petitioner's release on parole to the suspension of his parole in 1979. The court further finds the Board's decision to deny petitioner credit for the time petitioner was on parole from 1980 until petitioner's parole was revoked in 1984 (1570 days) was contrary to the mandatory language in

section 8 which entitles petitioner to credit on his sentence for time spent on parole. Accordingly, the court concludes that portion of the Board's action that was unauthorized under DoD Dir. 1325.4, section 8(a) was arbitrary and capricious, and that petitioner is entitled to limited habeas corpus relief.

IT IS THEREFORE ORDERED that the writ of habeas corpus is granted, and that the United States Army Clemency and Parole Board grant petitioner credit on his sentence for the time petitioner was on parole from 1980 to the time petitioner's parole was revoked in 1984. The clerk of the court is directed to transmit copies of this order to plaintiff and to the United States Attorney.

FN1. Petitioner was returned to custody on November 27, 1979, and released on parole on March 30, 1980. The total number of days on parole prior to this suspension was 1434 days.

FN2. The charge was dismissed in 1983.

FN3. The Board's letter to petitioner, dated June 13, 1984, reads: "The Board found that you were in violation of your parole agreement by assaulting a co-worker. The Board, hereby, revokes your parole." The Board's findings, dated May 5, 1984, read: "Findings: (1) That Jelks violated Condition 9 of his Parole Agreement only in that he did not conduct himself honorably while on parole. He assaulted a female co-worker and was subsequently dismissed from his job. (2) That Jelks violated Condition 10 of his Parole Agreement by having assaulted a female co-worker." There is no mention of Jelks' prior criminal conviction. It is noted only in the discussion section that: "This is Jelks' second parole violation hearing. Following the first hearing, it was determined that he had violated his Parole Agreement, however, it was decided that parole reinstatement was appropriate."

FN4. The letter, dated January 21, 1989, reads: "The Army Clemency and Parole Board reviewed your case on 10 January 1989. The Board determined that you had been arrested on 31 January 1979 in Jackson County, Michigan and subsequently convicted for possession of marijuana. This arrest

occurred during the time you were on parole. In accordance with DoD Directive 1325.4, which indicates that any individual parolee that is convicted of an offense which carries a jailable penalty shall not be awarded credit for service of sentence on parole. Therefore, credit for service of your sentence on parole is denied."

FN5. "A prisoner whose parole is revoked shall receive credit for time spent on parole ..." (emphasis added). DoD Dir. 1325.4, Section 8.