64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Russell D. MELLETTE, Jr., Petitioner--Appellant,
v.
Gregory A. LOWE, Commandant;
Department of the Air Force, United States Parole
Commission, Respondents--Appellees.
 No. 95-3129.
 D.C. No. 94-CV-3186-RDR.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Russell D. Mellette, Jr. asked the district court for habeas corpus relief pursuant to 28 U.S.C. 2241, challenging the United States Air Force Clemency and Parole Board's (Parole Board) decision to deny petitioner credit on his sentence for time spent on parole. The district court denied petitioner's request, and he now appeals.
 
 Background
 
 3
 Petitioner began a ten-year sentence, which was imposed by a court-martial, on August 20, 1981. He was released on parole on February 19, 1987. Because of various alleged violations of his parole agreement, the Parole Board twice suspended petitioner's parole and conducted preliminary interviews to determine if probable cause existed to believe petitioner violated the conditions of his parole. After each of the interviews, the Parole Board found probable cause and reprimanded petitioner, but nevertheless reinstated his parole.
 
 
 4
 After violating his parole conditions again, petitioner received his third preliminary interview. The interview resulted in a recommendation that petitioner's parole be revoked. The Parole Board revoked petitioner's parole effective October 25, 1991, but nevertheless reparoled him effective October 26, 1991.
 
 
 5
 Petitioner was subsequently arrested four more times, resulting in two convictions. The Parole Board held another parole violation hearing on December 9, 1993, and again revoked petitioner's parole. Petitioner was then reincarcerated at the United States Disciplinary Barracks in Leavenworth, Kansas. Because the Parole Board denied petitioner any credit for time served on parole, his final release date is now October 31, 1997.
 
 Standard of Review
 
 6
 "We review de novo the district court's decision to deny habeas relief." Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir.1994). We accept, however, any findings of fact by the district court unless they are clearly erroneous. Brewer v. Reynolds, 51 F.3d 1519, 1522 (10th Cir.1995). "Judicial review of a Parole Board's decision ... is a narrow one, and the Board's decision should not be disturbed by the courts unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir.1983).
 
 Discussion
 
 7
 We first note that petitioner raises a number of arguments to this court that he did not raise before the district court. We will not consider claims raised for the first time on appeal. See Kell, 26 F.3d at 1021 n. 2. Our review is consequently limited to those issues petitioner raised in the district court.
 
 
 8
 At the district court, petitioner did not challenge the revocation of his parole, but only the decision of the Parole Board to deny him credit for the time he spent on parole. He also requested that the district court limit its review to the time period from February 19, 1987 to August 20, 1991, which was the period of his original release from incarceration until his parole was first revoked. In this appeal, petitioner renews his argument that, although he was convicted of public intoxication and of reckless driving during this time, these offenses are not sufficiently serious to warrant the forfeiture of time spent on parole. In addition, petitioner claims that certain actions of the Parole Board violated his right to due process.
 
 
 9
 After a thorough review of the record and relevant law, we conclude that the district court correctly denied petitioner's request for relief. We therefore AFFIRM the order of the district court for substantially the reasons enunciated by the district court in its Memorandum and Order. In addition, we GRANT in forma pauperis status and GRANT the certificate of probable cause.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470