**Robert E. FOSTER, Petitioner,**

v.

**Col Herbert R. TILLERY, et al., Respondents.**

**No. 95–3075–RDR.**

United States District Court, D. Kansas.

March 5, 1998.

Robert E. Foster, Philadelphia, PA, pro se.

Mary K. Ramirez, Topeka, KS, for Defendants.

### ORDER

ROGERS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed by a prisoner in the United States Disciplinary Barracks in Fort Leavenworth, Kansas.

1. Respondents' motion to dismiss this matter as moot is denied. The errors alleged by petitioner, especially petitioner's claim that he was wrongfully denied 825 days of street time credit, clearly

Since filing this action, petitioner has been again released on parole.[1]

Petitioner seeks a writ of habeas corpus on claims related to his military parole. Petitioner was convicted on August 14, 1987. and is serving a twelve year sentence. He was released on parole August 2, 1991. Pursuant to the Certificate of Parole, the parole term was effective until May 8, 1999, unless parole was earlier revoked or terminated. The Army Clemency and Parole Board (Board) suspended petitioner's parole on September 13, 1993, and issued a parole violation warrant on November 16, 1993. Petitioner was arrested and turned over to military authorities on December 23, 1993. The Board revoked petitioner's parole on June 28, 1994, and granted petitioner "street time" credit for service of sentence while on parole from August 2, 1991 to September 19, 1991.

Petitioner alleges constitutional error by the Board. Petitioner claims he is entitled to application of parole regulations in effect at the time of the offenses for which he was convicted in 1987. Petitioner claims application of later enacted parole regulations unconstitutionally required him to forfeit all accumulated good time and abatement days upon his acceptance of parole. Petitioner further claims his parole was improperly revoked because he was not convicted of any crimes while on parole, and that he was improperly denied 825 days of street time credit.

The Department of Defense Directive 1325.4 (October 7, 1968) provided that a parolee would forfeit all accumulated good time and abatement days upon the revocation of parole. Under the regulations enacted in 1988, petitioner would forfeit all accumulated good time upon his acceptance of parole. Petitioner claims application of the automatic forfeiture of good time under the 1988 regulations violates the Ex Post Facto Clause. The court does not agree.

In *Jefferson v. Hart*, 1993 WL 302137 (D.Kan.1993), *aff'd* 84 F.3d 1314 (10th Cir.),

impact the duration of petitioner's current service of his maximum sentence, whether or not petitioner has been released on parole.

*cert. denied* —— U.S. ——, 117 S.Ct. 258, 136 L.Ed.2d 183 (1996), this court rejected the very same claim, stating:

> The court now addresses petitioner's claim that the requirement that an inmate waive accumulated good time credits upon accepting parole is more onerous than the earlier system, which provided for the forfeiture of accumulated good time only upon the revocation of parole. Applying the [ex post facto] analysis set forth above, the court finds no ex post facto violation. While it is uncontested that the change is retrospective, applying to those convicted before it took effect, the court finds no basis to conclude that the new provision is more onerous. Under either system, the inmate's maximum sentence is unchanged and governs release, whether from incarceration, for an inmate whose parole is revoked, or from parole. Petitioner is not entitled to relief on this claim.

*Id.* at *4. Under either directive, a prisoner or parolee's "maximum release date" is determined without deduction for abatement or good time, and under either directive, a parole violator loses all accumulated good time credit. The court thus finds no merit to petitioner's claim that application of the 1988 directive denies petitioner an earlier release date by denying the benefit of earned good time credits.

■ Petitioner next claims the Board acted improperly in revoking his parole. This court's review of parole decisions is limited to whether the Board's decision was arbitrary or capricious, or an abuse of discretion. *Resnick v. U.S. Parole Com'n*, 835 F.2d 1297 (10th Cir.1987). This standard is satisfied if there is a rational basis in the record for the Board's conclusion. *Misasi v. U.S. Parole Com'n*, 835 F.2d 754, 758 (10th Cir.1987). Army regulations clearly defeat any claim that revocation must be based upon a parolee's conviction on subsequent criminal conduct. In the present case, the record fully documents that petitioner repeatedly violated the conditions of his parole, and that revocation was based upon those violations.

The court next turns to petitioner's claim that he was unlawfully denied 825 days of street time. The Board granted petitioner "street time" credit from petitioner's release on parole on August 2, 1991, to September 19, 1993.

Under DOD 1325.4 (1968), petitioner would have received no credit for time spent on parole. Petitioner is entitled, however, to application of the 1988 regulation if it is more favorable. *Spradling v. Maynard,* 527 F.Supp. 398 (W.D.Okl.1981).

Section 8 of DOD 1325.4 (1988) provides that a prisoner whose parole is revoked shall receive credit on his sentence, subject to two exceptions. Under the first exception, which petitioner correctly identifies as not applicable to the facts in this case, a parolee forfeits all credit from the date of his release on parole if he is convicted of a new offense. DOD 1325.4, Section 8(a) (1988). Under the relevant provisions in the second exception, if the Board finds the parolee was not in material compliance with the conditions of parole, the Board may order the forfeiture of time during which the parolee failed to comply. DOD 1325.4, Section 8(b) (1988). Relying heavily on the fact that no conviction resulted from his arrests in 1991 and 1993, petitioner claims he remained in material compliance with the conditions of his parole, and argues he is entitled to the presumption of "street time" credit for time served on parole.

■ Under this second exception, the denial of "street time" credit is restricted to the time during which the parolee is demonstrating material noncompliance with the conditions of parole. DOD 1325.4 (1988), Section 8(b). Here, the charged parole violations cite petitioner's misconduct for a short period in September 1991, and next cite petitioner's misconduct from June 1993 to his arrest in December 1993. The noncompliance in September 1991 did not result in the suspension of petitioner's parole at that time, and petitioner successfully continued on parole under a modified parole agreement for almost two years.

The Board's decision to deny street time must be upheld unless it is arbitrary and capricious, or an abuse of discretion. Notwithstanding petitioner's success on parole for almost two years, the court finds the cited misconduct, dating back to petitioner's

first arrest on September 20, 1991, provides a sufficient rational basis for the Board's action. *See Mellette v. Lowe,* 881 F.Supp. 499 (D.Kan.) (street time denied under comparable military regulation and similar but more extreme pattern of sporadic noncompliance with conditions of parole), *aff'd,* 64 F.3d 670 (10th Cir.1995). Respondents properly re-computed petitioner's maximum release date to require service of the 825 days that were not credited to petitioner.

Finally, the court notes that petitioner's reliance on this court's decision in *Jelks v. United States Army Clemency and Parole Board,* 1992 WL 190605 (D.Kan.1992) is misplaced. The denial of street time credit in that case was defended only on section 8(a), and because no conviction resulted, the denial of credit under that section was unauthorized.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus, and all other relief requested by petitioner, is denied.