**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESLIE A. STRACHAN,

        Petitioner - Appellant,

vs.

ARMY CLEMENCY AND PAROLE
BOARD; MARVIN L. NICKELS,
Commandant USDB,

        Respondents - Appellees.

No. 97-3342

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 96-CV-3350-RDR)

Submitted on the briefs:[*]

Leslie A. Strachan, pro se, Petitioner-Appellant.

Mary Kreiner Ramirez, Assistant United States Attorney, and Jackie N. Williams, United States Attorney, Topeka, Kansas, for Respondents-Appellees.[**]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

[**] Consistent with court policy, counsel for Respondents-Appellees elected not to file a brief on appeal unless the court determined that a brief was necessary. This panel has determined that an appellee's brief was not necessary. Respondents-Appellees were heard fully below and all issues, other than those presented in Petitioner-Appellant's motion on appeal, were substantially

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

**KELLY**, Circuit Judge.

Petitioner-Appellant Leslie A. Strachan, a federal inmate appearing pro se and in forma pauperis, appeals from the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Mr. Strachan sought habeas relief from the forfeiture of credit toward his sentence for his time spent on parole, commonly known as "street time." We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and vacate and remand for further proceedings.

Background

Mr. Strachan is a former member of the United States Army. On June 29, 1990, he was convicted by a general court-martial of attempted kidnapping and failure to obey a general regulation and sentenced to six years of imprisonment. He was paroled by Respondent-Appellee Army Clemency and Parole Board on August 28, 1992. On October 31, 1996, a municipal court for the City of Huntsville, Alabama, convicted him of third degree assault committed on or about September 19, 1995. The municipal court sentenced him to ninety days in the city jail, which he served. On May 21, 1996, the Board revoked his parole

identical. Respondents-Appellees responded to the appellate motion.

based on his new conviction and other parole violations, and forfeited all of his street time based on his new conviction.

In his habeas petition below, Mr. Strachan alleged the Board's actions were improperly based on a conviction which was constitutionally void due to the denial of his right to counsel. The district court found, based upon the documentary record, that the conviction was counseled, and alternatively held that the parole revocation and forfeiture of street time were justified by other parole violations. On appeal, Mr. Strachan no longer challenges the revocation, but argues that the district court erred in (1) finding the conviction was counseled, (2) relying on the allegedly unconstitutional conviction to uphold the forfeiture of street time, and (3) relying alternatively on other parole violations to uphold the peremptory forfeiture of all street time without regard to the actual periods of material noncompliance with his parole agreement.

Discussion

Mr. Strachan argues that the district court erred in finding his new conviction was counseled. If a record of conviction does not indicate representation by counsel where so entitled, or an effective waiver, the defendant enjoys a presumption that he was denied his right to counsel, and that his conviction is therefore void. See Burgett v. Texas, 389 U.S. 109, 114 (1967); Carnley v. Cochran, 369 U.S. 506, 516 (1962) (holding presumption of waiver

from a silent record is impermissible).  Mr. Strachan's right to counsel under the rule of Gideon v. Wainwright, 372 U.S. 335, 342 (1963), attaches in this case because the Supreme Court has drawn the operative line between imprisonment and no imprisonment, and Mr. Strachan served ninety days.  See Scott v. Illinois, 440 U.S. 367, 374 (1979); Argersinger v. Hamlin, 407 U.S. 25, 37 (1972).  The attachment of this right is unaffected by his plea of guilty to a misdemeanor charge.  See Von Moltke v. Gillies, 332 U.S. 708, 721 (1948).

The Board repeatedly asserted below that the conviction is valid on its face.  The certified record of conviction, however, contains blanks where either defense counsel was to sign, or the judge was to sign that counsel was waived.  Moreover, the record of conviction shows that Mr. Strachan was sentenced to and served ninety days.  Thus, the actual record of the conviction shows entitlement to counsel but is silent as to representation, and is therefore presumptively void.

The Board cites as evidence of counsel Mr. Strachan's plea agreement and waiver of rights, which contains a signature where defense counsel was to sign.  Mr. Strachan, however, cites his plea which contains a blank where defense counsel was to sign.  Even if we considered these documents together with the record of conviction, the result would be the same.  "An ambiguous and inconclusive record is tantamount to a silent one, from which we may presume neither the presence of counsel nor the waiver thereof."  Oswald v. Crouse, 420

- 4 -

F.2d 373, 374 (10th Cir. 1969) (citing  Carnley , 369 U.S. at 516).

The Board offered nothing to rebut the presumption of invalidity, or to explain the ambiguity in the documentary record. Rather, Mr. Strachan makes various allegations to explain the ambiguity, specifically that the individual who signed the plea agreement after the plea was negotiated by the prosecutor and Mr. Strachan was never appointed nor present at the plea hearing. We therefore hold, given the presumption of invalidity and the absence of any contrary showing by the Board, that the district court's finding that the conviction was counseled was clearly erroneous.

Mr. Strachan next argues the Board improperly relied upon the presumptively uncounseled conviction to forfeit all of his street time pursuant to Department of Defense Directive 1325.4 ¶ 8(a). If a conviction is void, it may not support a sentence enhancement, such as the forfeiture of street time.  See Burgett , 389 U.S. at 115;  Santillanes v. United States Parole Comm'n  , 754 F.2d 887, 889-90 (10th Cir. 1985). Accordingly, whether based on the conviction record's silence, or the conviction documents' ambiguousness, an evidentiary hearing is necessary to determine the validity of the conviction.  See Santillanes , 754 F.2d at 890;  Oswald , 420 F.2d at 374.

Finally, Mr. Strachan argues that, assuming his new conviction was uncounseled, the Board lacked authority to forfeit all of his street time without

regard to the periods of material noncompliance with his parole agreement.

Paragraph 8(a) of DoD Dir. 1325.4, which the Board cited for its authority to forfeit all of Mr. Strachan's street time, only authorizes such forfeiture for new convictions. Thus, the Board argued repeatedly below that ¶ 8(b) of the same directive alternatively authorized the forfeiture based on other parole violations. Paragraph 8(b), however, only authorizes the forfeiture of street time for periods of material noncompliance with a parole agreement. See DoD Dir. 1325.4 ¶ 8(b)[1]; cf. Mellette v. Lowe, 881 F. Supp. 499, 502 (D. Kan.), aff'd, 64 F.3d 670 (10th Cir. 1995) (construing substantially identical Air Force Reg. 125-18 ¶ 11-23e(2)).

The Board found Mr. Strachan's violations of his parole agreement to be: (1) the assault on or about September 19, 1995; (2) leaving his parole area without his probation officer's permission on or about November 28, 1995; (3) contacting his wife without his probation officer's permission after October 19, 1995; (4) failing to report his arrest to his probation officer on September 19, 1995; (5) failing to attend a scheduled appointment with his city probation

---

[1] Paragraph 8(b) provides, in pertinent part: "If . . . a parolee intentionally refused or failed to respond to any reasonable request, order, or summons of a . . . probation officer, or . . . the parolee was not materially in compliance with the conditions of parole, a Clemency and Parole Board may order the forfeiture of time during which the parolee so refused or failed to respond or comply." DoD Dir. 1325.4 ¶ 8(b).

officer; (6) failing to complete an alcohol treatment program as directed by his probation officer; (7) consuming large amounts of alcohol on numerous occasions; and (8) operating a motor vehicle while under the influence of alcohol. According to the Board's own findings, only violations (6) through (8) could possibly have constituted material noncompliance prior to September 19, 1995. Mr. Strachan was on parole, however, since August 28, 1992. See Respondent's Answer and Return (doc. 25), Att. 6, Ex. A (Certificate of Parole); id. Ex. B, dated Aug. 18, 1993, Ex. C, July 25, 1994, & Ex. D, June 21, 1995 (Annual Adjustment Reports); id. Ex. E, Sept. 22, 1995 (Probation Officer letter).

We therefore vacate the district court's summary dismissal of Mr. Strachan's habeas petition. We remand for further proceedings on whether the municipal court conviction was counseled, and if it was not, for a factual determination of the periods of material noncompliance with the parole agreement, for which street time may properly have been forfeited.

As a final matter, Mr. Strachan moves the court for relief from his loss of expected work abatement (a variation of good time credit) due to his transfer to the Federal Bureau of Prisons system in alleged violation of Fed. R. App. P.

23(a). [2] Relief for violation of this rule, however, may only be obtained after showing the transfer resulted in prejudice to the prosecution of the pending habeas action. See Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir.), vacated in part on other grounds, 833 F.2d 149 (9th Cir. 1987), cert. denied, 487 U.S. 1207 (1988); Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir. 1982), cert. denied, 460 U.S. 1042 (1983); Goodman v. Keohane, 663 F.2d 1044, 1047-48 (11th Cir. 1981); cf. Schultz v. United States, 373 F.2d 524, 524 (5th Cir. 1967) (involving circuit rule to same effect as Rule 23(a)). The purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which the petition is pending. See Hammer, 691 F.2d at 961. Thus, the Seventh Circuit has held that official showings of need to transfer while an appeal is pending are only reviewed to protect the court's ability to effectively adjudicate the pending appeal. See Ward v. United States Parole Comm'n, 804 F.2d 64, 66 (7th Cir. 1986) (citing 18

---

[2] Rule 23(a) provides, in pertinent part:

Pending review of a decision in a habeas corpus proceeding . . . for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with he provisions of this rule. Upon application of a custodian showing a need therefor, the court, justice or judge rendering the decision may make an order authorizing transfer and providing for the substitution of the successor custodian as a party.

Fed. R. App. P. 23(a).

U.S.C. § 4082(b) (providing that the Attorney General "may at any time transfer a person from one place of confinement to another")). Once the officials demonstrate a legitimate, non-retaliatory reason independent of the litigation in support of their application, an opposing inmate must establish that "the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation." Id.

Mr. Strachan has not argued he has suffered such prejudice; rather, he prevails in this appeal, and the appropriate respondent to his petition remains unchanged by his transfer. Nor does he seek retransfer as a remedy to effect compliance with Rule 23(a), but the inapposite remedy of his expected work abatement. See Goodman, 663 F.2d at 1047 (holding violation of Rule 23(a) does not entitle petitioner to habeas relief). The motion is therefore denied.

VACATED and REMANDED for further proceedings consistent with this opinion.