F I L E D
United States Court of Appeals
Tenth Circuit

AUG 27 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

LESLIE A. STRACHAN,

      Petitioner-Appellant,

v.

ARMY CLEMENCY & PAROLE
BOARD,

      Respondent-Appellee.

Case No. 99-3024

(D.C. 96-CV-3350-RDR)
(District of Kansas)

---

ORDER AND JUDGMENT   *

---

Before **SEYMOUR** , Chief Judge, **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is

---

      *       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Mr. Strachan, proceeding pro se, appeals the district court's order dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2241 as moot. We affirm.

The factual background of this case has been laid out in detail in a prior opinion of this court. See Strachan v. Army Clemency and Parole Bd., 151 F.3d 1308 (10th Cir. 1998). Briefly summarizing, Mr. Strachan initially sought habeas relief from the Parole Board's revocation of his parole, from his continuing confinement, and from the forfeiture of credit toward his sentence for his time spent on parole, commonly known as "street time." He alleged that the Parole Board's actions were improperly based on a municipal court conviction that was constitutionally void due to the denial of his right to counsel.

This court vacated a previous order of the district court denying his petition. Id. We remanded for "further proceedings on whether the municipal court conviction was counseled, and if it was not, for a factual determination of the periods of material noncompliance with the parole agreement, for which street time may properly have been forfeited." Id. at 1312.

Before this case could be reconsidered by the district court, however, Mr. Strachan was released from prison without further supervision. In light of his status, the district court dismissed the habeas petition as moot. Mr. Strachan now

appeals that order, requesting credit for any improperly forfeited street time and that we vacate his municipal court conviction.

Having reviewed the record in this matter and the relevant case law, we agree that dismissal is appropriate for substantially the same reasons articulated by the district court in its order dated January 11, 1999. A habeas corpus petition becomes moot when it no longer meets the requirement of a case or controversy under Article III. See Spencer v. Kemna, 118 S. Ct. 978 (1998). Once an inmate's sentence has expired, his suit may only be maintained if "continuing 'collateral consequences'" exist. Id. at 983. Such collateral consequences might include, for example, the inability to serve on a jury, vote, or hold office. See id. at 983-84.

While courts have been willing to presume the existence of collateral consequences with respect to habeas challenges of convictions, this willingness does not extend to challenges to a parole revocation. See id. at 985-86. Accordingly, we cannot presume the existence of collateral consequences with respect to Mr. Strachan's challenge to the calculation of time served on his parole revocation. Thus, to prevail, Mr. Strachan must specifically demonstrate the concrete collateral consequences he faces. This he has not done. His arguments that the improper time calculation could be used to enhance a later sentence and that he has suffered financial disabilities do not suffice. See id. at 986-87.

3

Nor can we identify any meaningful relief that might be awarded. See ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 453 (10th Cir. 1991) ("This court will dismiss an appeal as moot, 'when pending an appeal from the judgment of a lower court, . . . an event occurs which renders it impossible . . . to grant [the appellant] any effectual relief whatever . . . .'" (quoting FDIC v. Jennings, 816 F.2d 1488, 1490 (10th Cir. 1987) (additional internal quotations omitted))). Thus, Mr. Strachan's appeal must be dismissed for mootness.

Finally, Mr. Strachan also urges that he faces continuing collateral consequences from his improper municipal court conviction, which he requests that we vacate. This may be so, but as he has not alleged that he has exhausted his state remedies with respect to that conviction, we do not have jurisdiction to consider his petition for habeas relief on this ground. See 28 U.S.C. § 2254(b)(1)(A).

Therefore, Mr. Strachan's appeal is DISMISSED.

Entered for the Court,


Robert H. Henry
Circuit Judge

4