**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**NOV 9 1999**

**PATRICK FISHER**
**Clerk**

RANDAL E. YEARWOOD,

      Plaintiff-Appellant,

v.

MARVIN L. NICKLES, Colonel; U.S.
ARMY CLEMENCY AND PAROLE
BOARD; MICHAEL A. LANSING,

      Defendants-Appellees.

No. 99-3155
(D.C. No. 96-3393-RDR)
(Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Randal E. Yearwood, proceeding pro se, appeals the district court's dismissal of his habeas corpus petition under 28 U.S.C. §2241, challenging the

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Army Clemency and Parole Board's (ACPB) revocation of his parole. He also seeks to proceed on appeal in forma pauperis.

Mr. Yearwood was convicted of murder by general court-martial in 1980, and released on military parole in 1993. In January of 1995, his supervising parole officer reported that a urine sample given by Mr. Yearwood on December 1, 1994, tested positive for marijuana. As a result, Mr. Yearwood's parole was suspended and a Preliminary Interview was conducted during which he admitted to using marijuana. The ACPB later ruled that a warrant was to issue for Mr. Yearwood to return to Ft. Leavenworth, Kansas for a parole revocation hearing.

Prior to the hearing Mr. Yearwood was arrested on a state charge of assaulting a sixteen year old girl. Mr. Yearwood was incarcerated pending disposition of the charge, which was subsequently dismissed "with leave to restore as defendant is to answer to Federal parole violation."

At the parole revocation hearing Mr. Yearwood was accused of parole violations relating to the marijuana use, which he admitted, and the assault charge, which he denied. Mr. Yearwood submitted the affidavit of his neighbor, who claimed to have seen him at her home on the evening of the alleged assault. The neighbor did not appear for the hearing, and Mr. Yearwood asked the hearing officer to speak to her on the phone. The officer refused. The victim also did not testify at the hearing.

The ACPB revoked Mr. Yearwood's parole based on the drug test and the assault, and granted him "street time" credit up to November 30, 1994, the date of his first parole violation. Mr. Yearwood filed a habeas corpus petition in federal district court, which denied relief. He now appeals to this court.

We conclude that Mr. Yearwood has demonstrated "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Therefore we grant his request to proceed on appeal in forma pauperis.

We review de novo the district court's decision to deny habeas relief. *Kell v. United States Parole Comm'n*, 26 F.d 1016, 1019 (10th Cir. 1994). However, "[j]udicial review of a Parole Board's decision . . . is a narrow one, and the Board's decision should not be disturbed by the courts unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." *Sotelo v. Hadden*, 721 F.2d 700, 702 (10th Cir. 1983).

Mr. Yearwood first contends that the assault charge should not have been considered in his parole revocation hearing because no preliminary interview was conducted on the matter. The relevant Department of Defense Directive does not require that all parole violations be the subject of an interview. Instead, the interview's purpose is "to determine whether probable cause exists to establish

that a parolee has violated *a condition* of parole," sufficient to trigger a parole revocation hearing. DOD 1324.5 §J 7(c) (1988) (emphasis added). Mr. Yearwood's admission during his preliminary interview that he had used marijuana created sufficient probable cause for the ACPB to proceed with a parole revocation hearing. The record is clear that Mr. Yearwood in no way lacked notice that the assault charges were to be considered during this hearing.

Contrary to Mr. Yearwood's next assertion, "[a]rmy regulations clearly defeat any claim that revocation must be based upon a parolee's conviction on subsequent criminal conduct." *Foster v. Tillery*, 996 F. Supp. 1316, 1318 (D. Kan. 1998). *See* DOD 1325.4 §J 7(a) (1988). The burden of proof in a revocation hearing is by a preponderance of the evidence, Army Regulation 15-130 §4-5(a), much lower than that for a criminal trial. The Constitution does not bar parole authorities from considering criminal acts in a number of circumstances where the parolee has not been convicted. *See Campbell v. United States Parole Comm'n*, 704 F.2d 106 (3d Cir. 1983).

Mr. Yearwood also argues that the ACPB improperly denied him "street credit" for the period of time after his positive drug test. The parole board may order the forfeiture of "street credit" for periods during which the parolee was not in material compliance with the conditions of parole. DOD 1325.4 §J 8(b) (1988). Where there have been sporadic periods of misconduct, the ACPB may deny street

time credit from the date of the first episode of misconduct. *Tillery*, 996 F. Supp. at 1319.

The court notes that Mr. Yearwood's reliance on *Jelks v. United States Army Clemency and Parole Board*, 1992 WL 190605 (D. Kan.), is misplaced. The denial of street time credit in that case was defended only on section 8(a), which requires "convict[ion] of a new offense committed after being released on parole." DOD 1325.4 § J8(a). Because no conviction resulted in *Jelks*, the denial of credit under that section was unauthorized. Mr. Yearwood, in contrast, is being denied street time credit pursuant to section 8(b), which merely requires that a parolee be found to have been "not materially in compliance with the conditions of parole." *Id.* at 8(b). Because Mr. Yearwood violated the conditions of parole by smoking marijuana, the district court did not err or break precedent by denying him street time credit pursuant to section 8(b).

Mr. Yearwood next argues that the ACPB had insufficient evidence before it to suspend his parole on the basis of the sexual assault charge. Specifically, he contends that the ACPB improperly weighed the hearsay evidence (the affidavit of Mr. Yearwood's alibi witness, and the police report concerning the assault) and that the ACPB failed to consider Mr. Yearwood's testimony on his own behalf. This claim fails for several reasons. First, the ACPB need only determine by a

preponderance of the evidence that the parolee has violated a condition of parole in order to revoke parole. AR 15-130, 4-5(a); DOD 1325.4 §J 7(a)(1988). Second, "[f]ormal rules of evidence do not apply to parole revocation hearings. The hearing officer and the ACPB may use any relevant evidence when considering a case for parole revocation." AR 15-130, 4-5 (d)(4). It is well settled that the ACPB may consider hearsay evidence which is reasonably reliable in reaching its decision. *See Kell*, 26 F.3d at 1021 (quoting *Maddox v. United States Parole Comm'n*, 821 F.2d 997, 1001 (5th Cir. 1987)). Moreover, as the district court correctly pointed out, we cannot re-weigh the hearing officer's assessment of the relative credibility of the alibi witness' affidavit, Mr. Yearwood's testimony, and the police report. We review only to determine whether there was a rational basis in the record to support the ACPB's decision. *Id.* at 1019. Even if we agreed with Mr. Yearwood's contentions, they would not get him far because the record clearly indicates that the ACPB also based its decision to revoke his parole on his positive drug test and admitted marijuana use.

Finally, Mr. Yearwood claims that his rights to due process were violated when the hearing officer refused to speak to his alibi witness on the phone, and because the assault victim did not appear at the hearing. Revocation of parole is not part of a criminal prosecution, and thus "the full panoply of rights due a defendant in such a proceeding does not apply." *Morrissey v. Brewer*, 408 U.S.

-6-

471, 480 (1972). It was within the hearing officer's discretion to deny the witness' telephone testimony, particularly when the officer had her affidavit and was willing to accept that she would affirm on the phone all that she said in her statement. DOD 1325.4 §J 7(d)(6) (1988). Although he was informed of his right to request the production of adverse witnesses, Mr. Yearwood never did so. "In light of documented notice to petitioner of his confrontation rights and his undisputed failure to request the presence of adverse witnesses, we cannot conclude that due process required [the victim] to testify as an adverse witness." *Kell*, 26 F.3d at 1019-20. Moreover, we note that Mr. Yearwood was represented during these proceedings by counsel provided by the Army's Trial Defense Service. We see no grounds for his complaint that he was denied due process.

For the foregoing reasons, the district court's order is **AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge